U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
FEB 0 1 2004
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

| | |
|---|---|
| SPIROS B DELIYANNIS AND ILA W. DELIYANNIS | NO. 481978-A |
| | 1ST JUDICIAL DISTRICT COURT |
| VS. | |
| | PARISH OF CADDO |
| AMERICREDIT FINANCIAL SERVICES INC. AND UNITED AUTO DODGE OF SHREVEPORT, INC. | STATE OF LOUISIANA |
| | ASSIGNED: |

CV04-0357-S
JUDGE HICKS
MAGISTRATE JUDGE PAYNE

### ORIGINAL PETITION

NOW INTO COURT, through undersigned counsel, comes SPIROS B. DELIYANNIS and ILA W. DELIYANNIS (referred to as "Plaintiffs" collectively herein, who respectfully petitions the Court as follows:

1.

Made defendants (and referred to herein as "Defendants" collectively) are:

a. **AMERICREDIT FINANCIAL SERVICES INC.**, hereinafter referred to as "AMERICREDIT", a foreign corporation, with offices in Arlington, Texas, which may be served through its agent for service of process being, CORPORATION SERVICE COMPANY, 320 Somerulos Street, Baton Rouge, LA 70802; and

b. **UNITED AUTO DODGE OF SHREVEPORT, INC.**, hereinafter referred to as "UNITED AUTO DODGE", a domestic corporation authorized to do and doing business in the City of Shreveport, Caddo Parish, Louisiana, and which may be served through its agent for service of process being, C T CORPORATION SYSTEM, 8550 United Plaza Blvd., Baton Rouge, LA 70809.

2.

On January 14, 2003, Plaintiffs completed a Buyers Order and application to buy a 2003 Dodge Dakota from UNITED AUTO DODGE in Shreveport, Caddo Parish, Louisiana.

3.

The purchase price of the vehicle was to be $18,970.00.

4.

UNITED AUTO DODGE arranged for financing of the purchase of the vehicle through Defendant AMERICREDIT FINANCIAL SERVICES, INC. UNITED AUTO DODGE assured and represented that any financing of the vehicle was conventional, appropriate and within the parameters of Louisiana law.

5.

At no time during the application process for financing of this vehicle did Plaintiffs discuss, negotiate and/or communicate at all with Defendant AMERICREDIT FINANCIAL SERVICES, INC.

6.

Any communications, agreements, consents and/or disclosures related to this purchase financing which were made by Defendant AMERICREDIT FINANCIAL SERVICES, INC. were not with Plaintiffs, but rather all communications relative to this transaction are now believed to have been between Defendants UNITED AUTO DODGE and AMERICREDIT.

7.

At no time did either Plaintiff knowingly consent and/or agree to pay or engage in financing in excess of what Louisiana law provided.

8.

UNITED AUTO DODGE, through its employees and/or agents, mislead and deceived Plaintiffs regarding the true cost of any financing, the way financing was obtained, the percentage rate of any financing and the structure of the purchase of the vehicle in question.

9.

UNITED AUTO DODGE, through its employees and/or agents, and AMERICREDIT, through its employees, agents and assigns, failed to properly disclose the terms and conditions of financing, the actual cost of financing, and the interest rate as required by law.

10.

At no time did either of the Plaintiffs knowingly consent and/or agree to allow Defendant UNITED AUTO DODGE to pose as them personally to apply or access placement of private financing on the internet.

11.

The actions of UNITED AUTO DODGE were an attempt to gain a financial advantage to maximize financial benefit to the dealership on the vehicle sale all to the detriment of Plaintiffs and in violation of Louisiana finance laws. Each and both Defendants are fully liable and responsible for the actions, inactions and/or violations of each's employees, agents and assigns.

12.

AMERICREDIT harassed Plaintiffs, refused to reduce the interest rate, or cooperate in rectifying the situation. AMERICREDIT insisted on payment in full of the excess finance charges, repossessed the vehicle and has threatened legal proceedings to seek payment of these excessive amounts.

13.

AMERICREDIT has an established indirect lending relationship with UNITED AUTO DODGE.

14.

AMERICREDIT sought enforcement of financial charges and/or interest greater than that permitted by Louisiana law, and as well in excess of that for which the Plaintiffs were aware.

15.

Plaintiffs were later advised by AMERICREDIT that they would have to pay amounts greater than that they agreed to and in addition interest in excess of those permissible by law for a motor vehicle like that at issue herein.

16.

Plaintiffs advised AMERICREDIT of the deception, violations, fraud and contested the matter.

17.

Plaintiffs went to UNITED AUTO DODGE and gave them the vehicle back and demanded rescission.

18.

Plaintiffs have been further harmed by negative references on loan references from each's credit report related to this transaction.

19.

AMERICREDIT is an assignee and holder of a consumer credit contract.

20.

By law, each consumer credit contract executed is required to contain the Federal Trade Commission (FTC) Holder Notice, per 16 C.F.R. 433, et. Seq., which reads, in pertinent part, as follows:

"ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE

SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER."

21.

Per the FTC's Staff Guidelines on Trade Regulation Rule Concerning Preservation of Consumers' Claims and Defenses, the purpose of the Regulation was to make it impossible "for a seller to arrange credit terms for buyers which separate the consumer's legal duty to pay from the seller's legal duty to keep his promises."

22.

The FTC Regulation is designed to protect consumers who have been victimized by an unscrupulous seller and codifies the public policy that a consumer should not be placed in the position to bear the resulting losses instead of the bank or other financing entity which regularly has dealt with the seller and which has profited from the transaction.

23.

By law, each of Defendants are bound legally by the FTC Holder Rule cap.

24.

Defendants are liable unto Plaintiffs for the losses and damages caused by the Defendants' actions, as described herein, in the following illustrative, non-exclusive particulars:

a. Failing to disclose alteration of credit terms, including per annum interest of more than 19%;

b. Fraudulently recalculation the terms of the deal to conceal a larger yield spread premium;

c. FTC Holder liability;

d. Failing to rescind the sale of the vehicle and return to Plaintiffs their trade –in or its equivalent value and down payment monies;

e. Rescission;

f. Fraud;

g. Breach of contract;

h. Engaging in fraudulent, unfair and deceptive practices;

i. Credit related damages;

j. Unjust enrichment;

k. Vicarious liability for the acts of their employees;

l. Other acts of fault to be proven at a trial on the merits.

25.

Plaintiffs seek damages including but not limited to compensatory and actual damages associated with the costs of out-of-pocket expenses, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, aggravation, credit related damages, property equity losses, value of the vehicle, loss of use and replacement damages, property damage, attorneys' fees, costs incurred,

and court costs, and other assessment proper by law and any and all other applicable laws.

26.

Defendants are liable jointly, severally and in solido, at least, up to the FTC Holder cap.

27.

In addition to all other claims, the actions of Defendants collectively constitute unfair trade practices and related violations which are prohibited by Louisiana law and for which Plaintiffs seek recover and remedy hereby.

WHEREFORE, PLAINTIFFS, SPIROS B. DELIYANNIS AND ILA W. DELIYANNIS, PRAY that after all due proceedings are had there be Judgment herein favor of Plaintiffs and against Defendants, AMERICREDIT and UNITED AUTO DODGE, and for all other relief and process as follows:

1. Service and citation be had on all Defendants listed herein;

2. That there be Judgment herein favor of Plaintiffs and against Defendants, AMERICREDIT and UNITED AUTO DODGE, for all reasonable damages sustained by Plaintiffs, including, but not limited to, actual and compensatory damages associated with the costs of out-of-pocket expenses, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, aggravation, credit related damages, property equity losses, value of the vehicle, loss of use and replacement damages, property damage,

      attorneys' fees, costs incurred, and court costs, and other assessment proper by law and any and all other applicable laws, together with legal interest thereon from date of judicial demand until paid;

3. That there be Judgment herein in favor of Plaintiffs and against Defendants, rescinding the purported sale and contracts alleged between plaintiff and defendants, voidance of all finance contracts as being against public policy and law, as well as the payment of all damages, attorneys fees, penalties by Defendants to Plaintiffs.

4. FURTHER PRAY for all such additional, general and equitable relief on behalf of Plaintiffs as may be necessary and proper in the premises.

      Respectfully Submitted,

      POWELL LAW FIRM, APLC

By: _____
Michael E. Powell, II/LBR # 21826
4300 Youree Drive, Suite 200
Shreveport, LA 71105
Tele: (318) 869-1911
Fax: (318) 869-3004
ATTORNEY FOR PLAINTIFFS
SPIROS DELIYANNIS AND ILA W. DELIYANNIS

**[SERVICE INFORMATION NEXT PAGE]**

*PLEASE SERVE:*

**UNITED AUTO DODGE OF SHREVEPORT, INC.**
Through its agent for service of process:
C T CORPORATION SYSTEM
8550 United Plaza Blvd
Baton Rouge, LA 70809


And


**AMERICREDIT FINANCIAL SERVICES INC.**
Through its agent for service of process:
CORPORATION SERVICE COMPANY
320 Somerulos Street
Baton Rouge, LA  70802